THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT THOMAS SMITH, Appellant.

Fourth Department, January 15, 1965.

*Leo J. Fallon* for appellant.

*Michael F. Dillon, District Attorney* (*Barbara M. Sims* of counsel), for respondent.

*Per Curiam.* This is an appeal from a denial of an application for *coram nobis,* without a hearing. The defendant was convicted of assault in the second degree with intent to commit a felony to wit: sodomy. Thereafter and on February 13, 1952 a sentence of from one day to life was imposed and the defendant has since been confined in Attica State Prison. Prior to sentence and pursuant to section 2189-a of the Penal Law a psychiatric examina-

tion was ordered. This examination was had and a report thereof reduced to writing and executed by two qualified psychiatrists.

The defendant urges on this appeal that the psychiatric report did not comply with the pertinent statutory purpose of section 2189-a and in any event the sentencing Judge did not as required by that section consider the report. The People argue that the contentions of the defendant are without merit and also that *coram nobis* is not a proper remedy for the relief sought by the defendant which is the vacation of his sentence for noncompliance with section 2189-a.

This court has heretofore decided that the relief sought in the case before us is in a proper case available in *coram nobis* (*People* v. *Mills,* 18 A D 2d 960). That the factual backdrop in *Mills* differs from this case does not affect the fundamental holding.

We turn to the merits presented on this appeal. At the outset it should be noted that the People interposed no papers in opposition to the defendant's application. Section 2189-a of the Penal Law is as follows: " No person convicted of a crime punishable in the discretion of the court with imprisonment for an indeterminate term, having a minimum of one day and a maximum of his natural life, shall be sentenced until a psychiatric examination shall have been made of him *and a complete written report thereof shall have been submitted to the court.* Such examination shall be made in the manner prescribed by sections six hundred fifty-nine, six hundred sixty, six hundred sixty-one and six hundred sixty-two-e of the code of criminal procedure. *Such report shall include all facts and findings necessary to assist the court in imposing sentence.* A copy thereof shall be transmitted by the clerk of the court to the warden or superintendent of the correctional institution to which the prisoner is committed." (Emphasis supplied.)

The defendant supplies as an exhibit attached to his petition a letter addressed to him from the sentencing Judge and dated February 23, 1962. This was in response to a letter from the defendant to the Judge seeking a copy of the psychiatric report made at the time of sentence. A portion of the Judge's letter to the defendant reads as follows: " As I recall it, your sentence was based entirely upon the evidence that was presented to me on the trial; therefore the reports that you request would be of no value to you."

We conclude from this uncontradicted proof that even if the psychiatric report was before the court at the time of sentence

it was not considered as required by section 2189-a. That such consideration was intended by the Legislature is made abundantly clear when the entire statutory scheme authorizing this type of sentence enacted by chapter 525 of the Laws of 1950 is analyzed. A committee appointed earlier by Governor Thomas E. Dewey following an exhaustive study made certain recommendations. This report entitled "Report on Study of 102 Sex Offenders at Sing Sing Prison" is contained in the public papers of Governor Dewey for 1950, pages 162–229. The Governor's message to the Legislature based on this report said in part as follows: "It proposes that, in cases of sex crime involving violence or the sexual abuse of children, a new form of sentence be made optional with the Court. It would require that all persons found guilty of such offenses be psychiatrically examined before sentencing and provide that, *with such psychiatric information before it, the Court may impose a sentence of from one day to life.*" (Public Papers of Governor Thomas E. Dewey, 1950, p. 161.) (Emphasis supplied.)

The Committee report itself stated: "If we are to study and treat sex felons, and if the Courts are to have the discretion in sentencing them, *the appropriate time to discover their individual nature is before sentencing,* rather than after they are in prison." (Emphasis supplied.) Thus since the mandate of section 2189-a in this regard was not followed the sentence was improperly imposed and must be vacated and the defendant remanded to Erie County Court for resentence. We do not reach or pass upon any other questions raised.

Prior to resentence a psychiatric examination pursuant to the section should be had which will provide the sentencing Judge with a current report pertinent to the statutory purpose. As part of the statutory changes effectuated in 1950 subdivision 3 of section 214 of the Correction Law also became law. This section, among other things, requires the Board of Parole (where a sentence of one day to life is imposed) to bring the prisoner before it every two years for evaluation and consideration after being furnished with current and complete reports as to the physical, mental, and psychiatric condition of the prisoner. These reports, if available, should also be made available to the Judge prior to resentence to assist him in exercising his discretion in imposing sentence.

The order denying the defendant's application for a writ of error *coram nobis* should be reversed and the sentence of one day to life imposed on February 13, 1952 vacated and the defendant remanded to Erie County Court for resentence.

336

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and NOONAN, JJ., concur.

Order unanimously reversed, sentence vacated and matter remitted to Erie County Court for further proceedings in accordance with the opinion.